UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREWORKS LADY & CO., LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIRSTRANS INTERNATIONAL CO., HUA YANG TRANSPORTATION CO., and DING YAN ZHONG,<br><br>Defendants. | Case No.: CV 18-10776-CJC (MRWx)<br><br>ORDER GRANTING MOTION TO DISMISS [Dkt. 44] |

## I. INTRODUCTION

Plaintiff Fireworks Lady & Co., LLC ("Fireworks Lady") brings this putative class action against Defendants Firstrans International Co. ("Firstrans"), Hua Yang Transportation Co. ("Hua Yang"), and Ding Yan Zhong asserting claims arising under both federal antitrust law and state law. (Dkt. 41 [First Amended Complaint, hereinafter

"FAC"].) Before the Court is Firstrans's motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 44 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

## II. BACKGROUND

This lawsuit arises out of Defendants' alleged monopolization of the fireworks shipping business. Defendant Firstrans is allegedly an Indiana corporation that specializes in the shipping of fireworks from the People's Republic of China ("PRC") to the United States. (FAC ¶¶ 48, 71.) Defendant Hua Yang was allegedly an Indiana corporation that, after several name changes, became Firstrans in 2012. (*Id.* ¶¶ 51–53). Defendant Ding Yan Zhong is a citizen of the PRC and is allegedly the current president of Firstrans. (*Id.* ¶¶ 50, 55.)

Plaintiff, a Florida fireworks merchant, purchases fireworks from nonparty manufacturers located in the inland Hunan and Jiangxi provinces of the PRC. (Dkt. 52 [Opp'n] at 1.) According to the First Amended Complaint, the fireworks' journey from these manufacturers to Plaintiff's place of business occurs in two distinct stages. First, the fireworks are shipped from Hunan and Jiangxi provinces to Shanghai. (FAC ¶¶ 4–15.) Next, they are shipped from Shanghai to the United States. (*Id.* ¶ 16.) The PRC heavily regulates the transportation of fireworks and requires fireworks carriers to obtain special permits. (*Id.* ¶ 4.) According to Plaintiff, the Defendants hold one of only four permits that the PRC has issued to companies engaged in shipping fireworks from the inland provinces to Shanghai. (*Id.* ¶ 11.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 12, 2019, at 1:30 p.m. is hereby vacated and off calendar.

Plaintiff utilizes Defendants' shipping services to carry the fireworks it purchases from the nonparty manufacturers to its locations in the United States. (*Id.* ¶ 20.) Plaintiff's allegations arise out of this business relationship. Plaintiff asserts that Firstrans has violated federal antitrust laws in two ways. First, it alleges that Firstrans has established an unlawful tying arrangement by conditioning the shipment from the inland provinces to Shanghai on customers continuing to use their shipping services from Shanghai to the United States. (*Id.* ¶ 107.) This arrangement allegedly prevents Plaintiff from utilizing the services of other merchants who would otherwise be willing to ship Plaintiff's fireworks at lower costs. (*Id.* ¶ 20.) Next, Plaintiff alleges that Defendants have engaged in unlawful monopolization of inland transportation services. (*Id.* ¶ 121.) This monopolization allegedly allows Firstrans to charge inflated prices for their shipping services, causing injury to Plaintiff and similarly situated buyers. (*Id.* ¶ 43.)

Plaintiff also brings several state law claims against Firstrans, including breach of contract, (*id.* ¶¶ 128–131), negligence, (*id.* ¶¶ 132–36), "piercing the corporate veil," (*id.* ¶¶ 137–152), civil conspiracy, (*id.* ¶¶ 153–156), Florida's Deceptive Trade Practices Act claims, (*id.* ¶¶ 157–160), and unjust enrichment, (*id.* ¶¶ 161–64).

### III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in

the light most favorable to the nonmoving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). The district court may also consider additional facts in materials that the district court may take judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**III.   ANALYSIS**

    **A.   Tying Claim (Count I)**

Plaintiff's first claim alleges that Defendants violated Section 1 of the Sherman Act by unlawfully tying the purchase of their "inland delivery services" to the purchase of their Shanghai-to-United States delivery services. (FAC ¶ 107.) According to Plaintiff, Defendants agree to ship fireworks from the inland provinces to Shanghai only

after Plaintiff promises to use Defendant's services on the Shanghai-to-United States leg. (*Id.* ¶ 108.) Because Defendants allegedly provide the only viable shipping service from inland to Shanghai, Plaintiff has no choice but to do business with them for this leg of the journey and agree to the tying arrangement. (*Id.* ¶ 19.) Plaintiff alleges that by being forced to agree with Defendants, it cannot seek out the services of other carriers who would be willing to ship from Shanghai to the United States at a lower cost. (*Id.* ¶ 21.)

In a tying arrangement, a "seller conditions the sale of one product (the tying product) on the buyer's purchase of a second product (the tied product)." *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 912 (9th Cir. 2008). "Tying arrangements are forbidden on the theory that, if the seller has market power over the tying product, the seller can leverage this market power through tying arrangements to exclude other sellers of the tied product." *Id.* To establish Section 1 liability based on a tying arrangement, a plaintiff must allege "(1) that the defendant tied together the sale of two distinct products or services, (2) that the defendant possesses enough economic power in the tying product market to coerce its customers into purchasing the tied product, and (3) that the tying arrangement affects a 'not insubstantial volume of commerce' in the tied product market." *Id.* at 913 (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1159 (9th Cir. 2003)).

Firstrans argues that Plaintiff has failed to plead the first element of a tying arrangement: a tie between two distinct products or services. The Court agrees. To establish a tie between "distinct products or services," a plaintiff must allege facts that show "a sufficient demand for the purchase of the tied product separate from the tying product." *Rick-Mik Enters. Inc. v. Equilon Enters., LLC*, 532 F.3d 963, 974 (9th Cir. 2008). Plaintiff's First Amended Complaint, however, does not allege sufficient facts to establish two distinct services. It only alleges facts showing two separate segments of a single journey. Fireworks purchasers in the United States have no use for a service that

delivers fireworks from the inland provinces to Shanghai without one that, in turn, ships those fireworks from Shanghai to the United States. *See Unigestion Holding, S.A. v. UPM Tech., Inc.*, 305 F. Supp. 3d 1134, 1150 (D. Or. 2018) (rejecting claim that international phone termination services and transportation services were distinct products because Plaintiff did not "sufficiently allege[] that there is independent consumer demand for international call transportation services as a standalone product."). Contrary to Plaintiff's assertion, shipping fireworks from producers in the PRC to purchasers in the United States is a single service, not a tie between each of the different segments of that service. *See Debjo Sales, LLC v. Houghton Mifflin Harcourt Publ'g Co.*, 2015 WL 1969380, at *4 (D.N.J. Apr. 29, 2015) (holding that defendant's production of textbooks and delivery of those same textbooks were not distinct services and could not form the basis of a tying claim).

The Court previously dismissed Plaintiff's tying claim with leave to amend. (Dkt. 39.) Because Plaintiff has failed to cure the deficiencies in this claim despite being given an opportunity to do so, and because the Court does not believe that Plaintiff can cure the deficiencies, the Court finds that granting further leave to amend would be futile. Accordingly, Plaintiff's tying claim is **DISMISSED WITH PREJUDICE.**

### B. Monopolization Claim (Count II)

Plaintiff's second claim alleges that Defendants violated the Section 2 of the Sherman Act "by monopolizing the market for inland transportation services from Hunan and Jiangxi provinces to Shanghai." (FAC ¶ 121.) To state a valid monopolization claim, Plaintiff must allege both (1) the possession of monopoly power and (2) "the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *Verizon Commc'n Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 571–72 (1966)).

"The Supreme Court has consistently held that there must be 'predatory' conduct to attain or perpetuate a monopoly" for this second element to be met. *See Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 549 (9th Cir. 1991) (refusing to impose Section 2 liability on airline companies absent evidence of predatory conduct).

Plaintiff has failed to allege that Firstrans engaged in any such predatory conduct. Plaintiff's monopolization claim centers around Sinotrans Hunan Co. ("Sinotrans"), an alleged state-owned enterprise that began offering the same shipping services as Firstrans sometime in 2018. According to Plaintiff, Sinotrans secured government permits which allowed it to participate in the shipment of fireworks and compete with Firstrans. (Dkt. 52 [Opp'n] at 6.) After a short period of time, however, "Sinotrans terminated service due to the fact that it was losing money." (FAC ¶ 126.) Though Plaintiff alleges that Sinotrans's exit was caused by "an exercise of monopoly powers by Defendants," (*id.*), it fails to allege any facts that show Firstrans engaged in any specific predatory conduct designed to eliminate Sinotrans. Given that such conduct is required to state a valid monopolization claim, Firstrans's motion to dismiss with respect to this claim is **GRANTED**. Because it is unclear whether the deficiencies in the First Amended Complaint could be cured by amendment, Plaintiff's monopolization claim is **DISMISSED WITH FOURTEEN DAYS' LEAVE TO AMEND**.

    C.    **State Law Claims (Counts III–VIII)**

Plaintiff's first state law claim alleges breach of contract by Defendants. Plaintiff asserts that "Defendants have breached their agreed upon responsibilities and obligations causing Plaintiff to suffer damages." (*Id.* ¶ 130.) Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). "While it is unnecessary for a plaintiff to allege the terms of a contract with

precision, the Court must be able to discern at least what material obligation of the contract the defendant allegedly breached." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (internal citations omitted).

Plaintiff's First Amended Complaint fails to meet this requirement because it does not offer evidence of any specific obligation that Firstrans allegedly breached. Instead, it alleges only that "Defendants have breached their agreed upon responsibilities and obligations causing Plaintiff to suffer damages." (FAC ¶ 130.) Plaintiff cannot validly state a breach of contract claim without pointing to a specific obligation or duty breached by Firstrans. Firstrans's motion to dismiss with respect to this claim is **GRANTED**. Because it is unclear whether the deficiencies in the First Amended Complaint could be cured by amendment, Plaintiff's breach of contract claim is **DISMISSED WITH FOURTEEN DAYS' LEAVE TO AMEND**.

Plaintiff's next state law claim is under a negligence theory and stems from the alleged mishandling of two fireworks containers purchased by Plaintiff. The elements of negligence are duty, breach, causation, and damages. *See Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992). According to Plaintiff, after it filed this action against Firstrans, Firstrans substituted another vendor to deliver one of Plaintiff's pending orders. (Dkt. 52 [Opp'n] at 13.) Plaintiff alleges that Firstrans acted negligently when it substituted this vendor without notifying Plaintiff because those fireworks were subsequently damaged. (*Id.*)

Plaintiff alleges no facts to indicate that defendant acted negligently in selecting the substitute vendor. Nor does Plaintiff allege any causal connection between Firstrans's selection of the new vendor and Plaintiff's alleged damages. Plaintiffs' boilerplate recitations of the elements of a negligence action are insufficient to state a claim. *See Twombly*, 550 U.S. at 556–57. Firstrans's motion to dismiss with respect to

this claim is **GRANTED**. Because it is unclear whether the deficiencies in the First Amended Complaint could be cured by amendment, Plaintiff's negligence claim is **DISMISSED WITH FOURTEEN DAYS' LEAVE TO AMEND**.

Plaintiff's next cause of action asks the Court to "pierce the corporate veil to obtain a court order as [sic] against individual defendant Mr. Ding." (FAC ¶ 126.) However, piercing the corporate veil is not an independent cause of action, but rather a procedural device that allows courts to disregard a corporate entity and hold individuals liable for the corporation's obligations. *See Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 204 Cal. App. 3d 1351, 1359 (1988). Under California law, two conditions must be met before courts are permitted to invoke this doctrine. First, there must be "such a unity of interest and ownership between the corporation and its equitable owner" that separate personalities do not exist. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). Next, "there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Id.* Piercing the corporate veil is "an extreme remedy, sparingly used" by courts. *Id.*

Plaintiff has not alleged any facts to suggest that it is appropriate for the Court to pierce the corporate veil in this case. Plaintiff's sole allegation regarding this claim is that "Mr. Ding dominates and controls the corporate defendants Firstrans and Hua Yang." (FAC ¶ 138.) This allegation alone does not provide sufficient grounds for the application of the doctrine. Firstrans's motion to dismiss with respect to this claim is **GRANTED**. Because it is unclear whether the deficiencies in the First Amended Complaint could be cured by amendment, Plaintiff's "piercing the corporate veil" claim is **DISMISSED WITH FOURTEEN DAYS' LEAVE TO AMEND**.

Plaintiff also brings a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. Ann. § 501.201, *et seq*. To state a claim under the

FDUTPA, a plaintiff must allege (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Ct. App. 2006). A deceptive practice is "one that is likely to mislead consumers," whereas an unfair practice is "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320 (S.D. Fla. 2004) (internal quotation marks and citations omitted). The FDUTPA can be violated in two ways: "(1) a per se violation premised on the violation of another law proscribing unfair or deceptive practice and (2) adopting an unfair or deceptive practice." *Hap v. Toll Jupiter Ltd. P'ship*, 2009 WL 187938, at *9 (S.D. Fla. Jan. 27, 2009).

Given that Plaintiff has failed to plead that Firstrans violated any law proscribing unfair or deceptive practices, the first approach is inapplicable here. Nor can Plaintiff rely on the second approach. Plaintiff's First Amended Complaint merely asserts, without support, that "[t]he acts described above . . . are both deceptive and unfair." (FAC ¶ 158.) Plaintiff fails to allege any specific actions taken by Firstrans that were deceptive or unfair. Again, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," cannot alone defeat a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Firstrans's motion to dismiss with respect to this claim is **GRANTED**. Because it is unclear whether the deficiencies in the First Amended Complaint could be cured by amendment, Plaintiff's FDUTPA claim is **DISMISSED WITH FOURTEEN DAYS' LEAVE TO AMEND**.

Plaintiff's next cause of action alleges that Firstrans engaged in a civil conspiracy. (FAC ¶¶ 153–56.) However, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994). To

state a claim for civil conspiracy, a plaintiff must allege (1) the formation and operation of a conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts. *Younan v. Equifax, Inc.*, 111 Cal. App. 3d 498, 511 n.9 (1980). A civil conspiracy "must be activated by the commission of an actual tort," *Applied Equip. Corp.*, 7 Cal. 4th at 511, or other wrong, *Younan*, 111 Cal. App. 3d at 511 n.9.

Plaintiff's First Amended Complaint fails to allege that such a tort has been committed. Rather, Plaintiff's claims for civil conspiracy are entirely premised on Defendants' alleged antitrust violations. (FAC ¶ 154.) Because Plaintiffs failed to allege sufficient facts to establish such violations, there is no independent wrongful act on which to base their civil conspiracy claims. Firstrans's motion to dismiss with respect to this claim is **GRANTED**. Because it is unclear whether the deficiencies in the First Amended Complaint could be cured by amendment, Plaintiff's civil conspiracy claim is **DISMISSED WITH FOURTEEN DAYS' LEAVE TO AMEND**.

Plaintiff's final cause of action alleges that Firstrans has been unjustly enriched by the inflated prices it allegedly charges for the shipment of fireworks. (FAC ¶¶ 161–64.) Under California law, unjust enrichment is not an independent cause of action, but rather the theory "underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting 55 Cal. Jur. 3d Restitution § 2). A plaintiff seeks the return of that benefit typically in a quasi-contract cause of action. *Id*. Here, Plaintiff alleges that the prices it paid for shipping services unjustly conferred a benefit on Firstrans. (FAC ¶ 162.) However, Plaintiff alleges no facts to indicate that defendant received this benefit unjustly. Plaintiff does not allege how any benefit was obtained through "mistake, fraud, coercion, or request." *Astiana*, 783 F.3d at 762 (internal quotations omitted). The bare allegation that Firstrans was unjustly enriched "as a result

of [its] wrongful and illegal conduct" is insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Firstrans's motion to dismiss with respect to this claim is **GRANTED**. Because it is unclear whether the deficiencies in the First Amended Complaint could be cured by amendment, Plaintiff's unjust enrichment claim is **DISMISSED WITH FOURTEEN DAYS' LEAVE TO AMEND**.

**IV. CONCLUSION**

For the foregoing reasons, Firstrans's motion is **GRANTED**. Plaintiff's tying claim is **DISMISSED WITH PREJUDICE**. The remainder of Plaintiff's claims are **DISMISSED WITH FOURTEEN DAYS' LEAVE TO AMEND**.

DATED: August 8, 2019

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE